1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RONALD G. IMPERIAL, JR.,                    No.  2:13-cv-1301 CKD P

12                 Petitioner,

13          v.                                    ORDER

14   SOLANO COUNTY SUPERIOR COURT,

15                 Respondent.

16

17          Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis

19   pursuant to 28 U.S.C. § 1915.  Petitioner has submitted a declaration that makes the showing

20   required by § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

21   28 U.S.C. § 1915(a).  Petitioner has consented to this court's jurisdiction pursuant to 28 U.S.C.

22   § 636(c) and Local Rule 302.

23          The exhaustion of state court remedies is a prerequisite to the granting of a petition for

24   writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived

25   explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may

26   not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the

27   _____

28   [1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. §
     2254(b)(2).

                                                     1

1  highest state court with a full and fair opportunity to consider all claims before presenting them to

2  the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d

3  1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

4          After reviewing the petition for habeas corpus, the court finds that petitioner has failed to

5  exhaust state court remedies.  The claims have not been presented to the California Supreme

6  Court.  Further, there is no allegation that state court remedies are no longer available to

7  petitioner.  Accordingly, the petition will be dismissed without prejudice.[2]

8          IT IS HEREBY ORDERED that:

9          1.  Petitioner is granted leave to proceed in forma pauperis (ECF No. 5);

10          2.  Petitioner's application for a writ of habeas corpus is dismissed for failure to exhaust

11  state remedies; and

12          3.  The Clerk of Court shall close this action.

13  Dated:  August 20, 2013

14                                                      _____
                                                        CAROLYN K. DELANEY
15                                                      UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20  2 / impe1301.103

21

22

23

24

25  [2]  Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations
26  for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period
    will start to run on the date on which the state court judgment became final by the conclusion of
27  direct review or the expiration of time for seeking direct review, although the statute of
    limitations is tolled while a properly filed application for state post-conviction or other collateral
28  review is pending.  28 U.S.C. § 2244(d).

2